UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **Jose GUIDO-Ruiz**  Defendant. | Magistrate Case No. 08 MJ 0272  COMPLAINT FOR VIOLATION OF  Title 8, U.S.C., Section 1326  Attempted Entry After Deportation (Felony) |

The undersigned complainant being duly sworn states:

On or about **January 28, 2008** within the Southern District of California, defendant **Jose GUIDO-Ruiz**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **30th** day of **January, 2008**.

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On January 28, 2008 at approximately 9:00 PM, **Jose GUIDO-Ruiz (Defendant)** applied for admission into the United States from Tijuana, Mexico at the San Ysidro, California Port of Entry through vehicle primary lane 14. Defendant was the front passenger of a silver 1988 Ford Aerostar. During primary inspection before a Customs and Border Protection (CBP) Officer, a DSP-150 / Border Crossing Card belonging to another person, namely, Jose Rosario OSUNA-Camacho was presented on behalf of Defendant. The primary officer noticed Defendant was an imposter to the document presented and upon inspection of the vehicle, discovered several people concealed in the rear cargo area. Defendant and all passengers were taken into custody and escorted into secondary for a more thorough inspection.

In secondary, Defendant was determined a Mexican citizen with no entitlements to enter or reside in the United States. Defendant was queried by ten-digit fingerprint submission utilizing the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS resulted in a positive match to the query, confirming Defendant's identity and linking him to Immigration and FBI records.

Immigration service records including the Deportable Alien Control System (DACS) revealed Defendant is a citizen of Mexico who had been previously removed from the United States to Mexico. DACS indicates Defendant was ordered deported, excluded or removed by an Immigration Judge from the United States on or about November 26, 2007 and physically removed to Mexico on or about December 2, 2007 via the San Ysidro Port of Entry. Immigration service records contain no evidence that Defendant has applied or received permission from the United States Attorney General or his designated successor, the Secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.

Defendant was advised of his Miranda rights and elected to make a statement and answer questions without a lawyer present. Defendant admitted he is a Mexican citizen who has been previously deported or removed from the United States and has not applied for or received proper documents to re-enter the United States. Defendant stated he intended to go to Sonoma County in California. Defendant stated he knew the driver was going to present a document on his behalf to facilitate his illegal entry. Defendant stated he was going to pay a smuggling fee of $3,600.00 USD upon his arrival to Los Angeles, California.